# EXHIBIT A

LII .02/23/09.10:20:48.24255

| Legal Software Inc. (800) 530-2255 Approved, SCAO | Original - Court 1st copy - Defendant | 2nd copy - Plaintiff |
|---|---|---|

| STATE OF MICHIGAN | RECEIVED FOR FILING OAKLAND COUNTY CLERK | OAKLAND COUNTY | 09-098481-CH |
|---|---|---|---|
| 6th JUDICIAL DISTRICT JUDICIAL CIRCUIT COUNTY PROBATE | SUMMONS AND COMPLAINT 2009 FEB 20  PM 3: 46 | | JUDGE RAE LEE CHABOT |

BROWN,EDWARD,  v  LITTON LOANS

**Court Address**
1200 N. Telegraph Rd, Pontiac, MI

Court telephone no.
248-858-0349

DEPUTY COUNTY CLERK

| Plaintiff name(s), address(es) and telephone no(s). | Defendant name(s), address(es), and telephone no(s). |
|---|---|
| EDWARD BROWN and NANCY BROWN | LITTON LOAN SERVICING LP and EMC MORTGAGE CORPORATION |

| Plaintiff attorney, bar no., address, and telephone no. |
|---|
| LANDIS & DAY, PLC Kassem M. Dakhlallah (P70842) 6528 Schaefer Rd. Dearborn, MI 48126; (313) 584-1404 |

**SUMMONS**    **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan, you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued FEB 20 2009 | This summons expires* MAY 22 2009 | Court clerk RUTH JOHNSON |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains  ☐ is no longer  pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains  ☐ is no longer  pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Oakland County, Michigan | Oakland County, Michigan |

| Place where action arose or business conducted |
|---|
| Oakland County, Michigan |

| January 31 2009 Date | Signature of attorney/plaintiff  Kassem M Dakhlallah (P70842) |
|---|---|

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

**MC 01** (6/03)  **SUMMONS AND COMPLAINT**    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)



OAKLAND
COUNTY 09-098481-CH
JUDGE RAE LEE CHABOT
BROWN,EDWARD, v LITTON LOAN S

**STATE OF MICHIGAN**
**IN THE OAKLAND COUNTY CIRCUIT COURT**

EDWARD BROWN
And NANCY BROWN,

      Plaintiffs,

v.

                                Case No. 09-    -CH
                                Hon.

LITTON LOAN SERVICING LP
And EMC MORTGAGE CORPORATION,

      Defendants.

---

LANDIS & DAY, PLC
Edward L. Ewald, Jr. (P43751)
Kassem M. Dakhlallah (P70842)
Attorneys for Plaintiffs
6528 Schaefer Rd.
Dearborn, MI 48126
(313) 584-1404

---

There is no other pending or resolved civil action
arising out of the same transaction or occurrence
alleged in this Complaint.

_____
Kassem M. Dakhlallah (P70842)

**COMPLAINT AND JURY DEMAND**

NOW COME the Plaintiffs, EDWARD BROWN and NANCY BROWN

("Plaintiffs"), by and through their attorneys, LANDIS & DAY, PLC, and for their

Complaint against the Defendants, LITTON LOAN SERVICING LP And EMC

MORTGAGE CORPORATION, state as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiffs are husband and wife who reside in the City of Waterford, Oakland County, Michigan.

2. Defendant Litton Loan Servicing LP is a Delaware Limited Partnership that does business throughout metropolitan Detroit, including, but not limited to, the Waterford, Oakland County, Michigan and that operates as a "mortgage servicer," "mortgage broker" and/or "mortgage lender" in Michigan as these terms are defined in MCL §§ 445.1651a(o), 445.1651a(l) and 445.1651a(m), respectively.

3. This lawsuit arises out of a business relationship involving Plaintiffs and the Defendant, entered into and transacted within the State of Michigan, County of Oakland.

4. This lawsuit also arises out of interests in a parcel of real property located within the State of Michigan, County of Oakland, commonly known as 3675 Brookdale Ln, Waterford, MI 48328 ("the Property").

5. The amount in controversy exceeds the amount of twenty five thousand ($25,000.00) dollars exclusive of costs and fees, and so jurisdiction and venue properly in this Honorable Court.

## FACTUAL ALLEGATIONS

6. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

7. Plaintiffs purchased the Property in 1999 for about one hundred thirty thousand ($130,000.00) dollars.

8.  Plaintiffs refinanced their loan on the Property in October 2004, obtaining a
    senior and junior loan in the amounts of $150,000.00 and $40,000.00,
    respectively.

9.  Plaintiffs used the proceeds of the refinance to pay off some debts and to improve
    the Property.

10. Plaintiffs were not informed of all of the material provisions of their loans prior to
    closing the loans and having to make monthly payments thereon.

11. Specifically, the Truth in Lending Disclosure provided to Plaintiffs misstates the
    amounts of monthly payments that Plaintiffs would be obligated to make.  (See
    **"Exhibit A – Truth in Lending Disclosure"**).

12. The TIL Disclosure erroneously states that after the adjustable-rate loan payment
    adjusted, Plaintiffs would be obligated to make 336 payments of $1,118.77.
    (Exhibit A).

13. However, Plaintiffs' payments have been several hundreds of dollars greater than
    this amount for all relevant times.  (See **"Exhibit B – Monthly Statement"**).

14. Plaintiffs were promised that the financing scheme utilized was meant to be
    temporary and that Plaintiffs would be able to sell their Property or refinance the
    loans if paying the monthly loan payments became problematic.

15. Plaintiffs did not have the ability to make the mortgage loan payments at all
    relevant times without incurring substantial financial hardship.  Plaintiffs
    struggled to make the payments and remained current as long as they possibly
    could.

3

16. At all relevant times, Defendant, along with other mortgage lenders, brokers and servicers, systematically inflated the supposed market values of properties throughout the mortgage market in order to lend more money and sell the ill-begotten mortgage loans on the mortgage-backed securities ("MBS") market.

17. As part of their scheme, Defendant made a large but presently-unknown number of loans to borrowers who were absolutely unable to repay the amounts borrowed. This led to artificially high mortgage loan amounts that were disconnected from the true market values of properties being bought and sold.

18. Eventually, when these doomed loans were placed into default in large numbers, the inflated property values throughout Michigan and the United States plummeted to coincide with true property values.

19. The Property owned by the Plaintiffs in this matter suffered from this precipitous decline in statewide and national property values.

20. As a result, Plaintiffs owed significantly more on their mortgage loan than the Property could have been sold for on the open market. In fact, the Property was never actually worth the amount of the loan that Plaintiffs obtained thereon.

21. Plaintiffs tried unsuccessfully to resolve the matter with Defendants, offering to modify the loan terms, but Defendants ignored all such attempts at compromise.

22. Defendants were active participants in the systematic inflation of property values and fraud in the MBS market that ultimately led to Plaintiffs paying a much higher price for the Property than the Property was ever worth.

23. Nonetheless, Plaintiffs paid each of the mortgage loan payments on time and in full in order to keep their credit ratings in tact.

4

24. However, the mortgage loan that Plaintiffs have diligently paid each month was procured by fraud, misrepresentation and violations of state and federal mortgage consumer protection laws.

25. Eventually, Plaintiffs had no more liquid assets to tap into to make their mortgage payment, and because property values in the market had depreciated back to realistic levels, Plaintiffs could not refinance their loan.

26. Plaintiffs have now missed several mortgage payments, and can no longer afford to make any payments towards their ill-begotten mortgage loan.

27. Defendant Litton has scheduled a foreclosure sale to be conducted on March 3, 2009.  (See "**Exhibit C – Notice of Foreclosure Sale**").

28. For all of these reasons, it is clear that the only way for Plaintiffs to begin to vindicate their rights is to file this lawsuit and have the Court enter an Order preventing a foreclosure sale and preventing Defendants from evicting Plaintiffs and ruining Plaintiffs' credit report.

## COUNT I
## ACCOUNTING

29. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

30. The amount of money due from Plaintiffs to Defendant or vice versa is unknown to Plaintiffs and cannot be ascertained without an accounting of the receipts and disbursements of the financial transactions between Plaintiffs and Defendant.

31. Plaintiffs are informed and reasonably believe and thereon allege that they do not owe Defendant any money.

5

32. Plaintiffs have demanded an accounting of the aforementioned financial transactions from Defendant and payment of the amount found due but Defendant has failed and refused, and continue to fail and refuse, to render such an accounting and to pay such sum.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enters a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issues as injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits.  Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages.  Plaintiffs further request that this Honorable Court reforms the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation.  Plaintiffs further requests that this Honorable Court orders Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT II
## WRONGFUL FORECLOSURE

33. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

34. MCL § 600.3204(1)(a) provides, in relevant part, that a "party may foreclose a mortgage by advertisement if... [a] default in a condition of the mortgage has

6

occurred, by which the power to sell became operative... (3) the mortgage

containing the power of sale has been properly recorded and, if the party

foreclosing is not the original mortgagee, a record chain of title exists evidencing

the assignment of the mortgage to the party foreclosing the mortgage."

35. No such default in a condition of the mortgage has occurred.

36. Further, because of the nature of the MBS market, it is highly unlikely that
Defendant has the present ability to provide a record chain of title evidencing
ownership of the mortgage.

37. Thus, the Defendant's power to sell the property has not become operative.

38. Although Plaintiffs have repeatedly requested them to do so, Defendant has not
agreed to abandon its efforts to conduct a foreclosure sale.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enters a

judgment against the above-named Defendant in the amount over twenty five thousand

($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained.

Plaintiffs further respectfully request that this Honorable Court issues as injunction,

pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property

and making any negative remarks on Plaintiffs' credit reports until a resolution of this

matter on the merits. Plaintiffs further respectfully request that this Honorable Court

grant them rescission of the Notes and Mortgages and order Defendant to disgorge all

interest payments so wrongfully obtained from Plaintiffs in connection with their

improper Notes and Mortgages. Plaintiffs further request that this Honorable Court

reforms the Notes and Mortgages between the parties to reflect a fair and equitable

bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further

requests that this Honorable Court orders Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT III
## VIOLATION OF 15 USC § 1639

39. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

40. Defendants are in violation of 15 USC § 1639(b)(3), which requires Defendants to modify the terms of Plaintiffs' loans as Plaintiffs are experiencing a bona fide financial emergency.

41. Defendants have failed or refused to modify the terms of the loan.

42. As a result, Plaintiffs have suffered damages.

43. In addition, Defendants have violated 15 USC § 1639(h) which provides that:

> A creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602 (aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment.

44. By extending credit to Plaintiffs without regard to their ability to repay the debt, Defendants have violated 15 USC § 1639(h).

45. As a result, Plaintiffs have suffered damages.

46. Plaintiffs hereby invoke their right to rescind the transactions at issue in this litigation.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enters a judgment against the above-named Defendants in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issues as injunction,

8

pursuant to MCR 3.310 preventing Defendant from instituting a foreclosure sale of the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant rescission of the Notes and Mortgages and order Defendants to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reforms the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendants' fraud and misrepresentation. Plaintiffs further request that this Honorable Court orders Defendants to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT IV
## PREDATORY LENDING

47. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

48. Defendants took advantage of Plaintiffs' inferior bargaining power in order to lock Plaintiffs into severely unfavorable Notes and Mortgages.

49. Defendants did not reveal all material terms of the Notes and Mortgages as they understood them.

50. Specifically, Defendant believed, or was reckless to the truth without knowledge thereof, that the payment amounts were greater than disclosed.

51. In addition, Defendants knew or were reckless to the truth without knowledge thereof, that Plaintiffs could not, under any circumstances, afford to pay the monthly mortgage loan payments on the Property.

9

52. Defendant induced Plaintiffs into obtaining the loan on the Property and granting it a security interests therein, by promising that Plaintiffs' payments would be lower than they turned out to be and that Plaintiff would be able to sell the Property for at least the amount borrowed, or otherwise refinance the loans, but these statements proved patently untrue.

53. Defendants further induced Plaintiffs into purchasing the Property by creating a mortgage market environment with high and constantly-increasing false property values.

54. As a result of these predatory lending practices, Plaintiffs are suffering and will suffer damages including the loss of the equity he had in the Property, the value of all payments made upon the ill-begotten mortgage loan, all of their liquid assets, damage to their credit rating and enduring the time and expense of an improper foreclosure sale.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enters a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issues as injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court

10

reforms the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further requests that this Honorable Court orders Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

**COUNT V**
**VIOLATION OF TRUTH IN LENDING ACT, 15 U.S.C § 1601 ET SEQ.**

55. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

56. Defendants provided false interest rate, fee and monthly payment disclosures in connection with the closing of the mortgage loan transaction on the Property, in violation of the Truth in Lending Act.

57. Plaintiff did not discover, and could not discover, Defendant's violations of the Truth in Lending Act because the documents provided to Plaintiff were withheld from Plaintiffs and if they existed at all, were seriously misleading.

58. Thus, Plaintiffs' claims under the Truth in Lending Act are subject to tolling.

59. In addition, Defendant did not provide Plaintiffs with a Notice of Right to Cancel, contrary to the mandates of the Truth in Lending Act.

60. As a result of Defendant's violations of the Truth in Lending Act, Plaintiffs have been damaged.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enters a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issues as injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property

11

and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reforms the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further requests that this Honorable Court orders Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT VI
## FRAUDULENT MISREPRESENTATION

61. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

62. By providing materially false property value and payment disclosures to Plaintiffs, Defendant made material representations to Plaintiffs.

63. Defendant further made false material misrepresentations by representing that property values on the mortgage market were much greater than they actually were.

64. These material representations were false at the time that Defendant made them.

65. Defendant knew, or was reckless to the truth without knowledge, that these statements were false.

66. Defendants further knew, or were reckless to the truth without knowledge that true property values were not reflective of the values of the loans being made by Defendants, and that Plaintiffs could not sell the Property or refinance the loans.

12

67. Defendant made its material and false representations with the intention that Plaintiffs would thereby borrow money from it, grant it a mortgage on the Property, pay associated closing costs and timely make monthly payments.

68. Because of the representations of Defendant, Plaintiffs did borrow money from it, granted it mortgages on the Property, paid associated closing costs and timely made monthly payments.

69. Plaintiffs have suffered damages equal to or greater than the value of mortgage loan, closing costs and payments.

70. Plaintiffs have also suffered damages from the resulting damage to their credit.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enters a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issues as injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reforms the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further requests that this Honorable Court orders Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

L11.02/23/09.10:28:48.24240

## COUNT VII
## NEGLIGENT MISREPRESENTATION

71. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

72. Defendant as the mortgagee, stood to benefit from the Plaintiffs entering into the Note and Mortgage on the Property.

73. The resulting business relationship between the parties gave rise to a duty of care on the part of Defendant to Plaintiffs.

74. Defendant prepared the information relating to the values of the Property, payment amounts on the Notes and Mortgages, whether Plaintiffs could refinance or sell the Property and closing costs without reasonable care as to their truth or falsehood.

75. Plaintiffs justifiably relied on said information to their detriment, suffering damages.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enters a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issues as injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court

14

reforms the Notes and Mortgages between the parties to reflect a fair and equitable

bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further

requests that this Honorable Court orders Defendant to pay all costs and attorney fees so

wrongfully incurred in having to bring this lawsuit.

**COUNT VIII**
**DEFAMATION OF CREDIT/VIOLATION OF FAIR CREDIT REPORTING ACT**

76. Plaintiffs incorporate all previous allegations by reference as if fully restated
    herein.

77. Defendants committed fraud against Plaintiffs in order to induce them into
    entering into the above-described transactions.

78. Defendants' fraud has ruined Plaintiffs financially.

79. It is because of Defendants' fraud that Plaintiffs cannot make their monthly
    mortgage loan payments.

80. As a result, it is patently untrue that Plaintiffs defaulted on bona fide financial
    obligation to Defendants.

81. Upon information and belief, Defendants have made or will make derogatory
    reports on Plaintiffs' credit reports that are patently untrue.

82. As a result, Plaintiffs have suffered or will suffer damage to their good name,
    fame and reputation in the community.

83. Plaintiffs also suffered or will suffer damage to their credit rating.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enters a

judgment against the above-named Defendant in the amount over twenty five thousand

($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained.

Plaintiffs further respectfully request that this Honorable Court issues as injunction,

pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property

and making any negative remarks on Plaintiffs' credit reports until a resolution of this

matter on the merits. Plaintiffs further respectfully request that this Honorable Court

grant them rescission of the Notes and Mortgages and order Defendant to disgorge all

interest payments so wrongfully obtained from Plaintiffs in connection with their

improper Notes and Mortgages. Plaintiffs further request that this Honorable Court

reforms the Notes and Mortgages between the parties to reflect a fair and equitable

bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further

requests that this Honorable Court orders Defendant to pay all costs and attorney fees so

wrongfully incurred in having to bring this lawsuit.

## COUNT IX
## RESCISSION OF NOTES AND MORTGAGES

84. Plaintiffs incorporate all previous allegations by reference as if fully restated
herein.

85. *The actions of Defendant, as more fully discussed above, are unconscionable.*

86. In the alternative, the agreements between these parties were entered into by
Plaintiffs because of fraud by Defendant.

87. In addition, there was no mutuality of assent to the terms and conditions of the
Notes and Mortgages.

88. As such, the agreements between these parties are subject to judicial rescission.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enters a

judgment against the above-named Defendant in the amount over twenty five thousand

($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained.

Plaintiffs further respectfully request that this Honorable Court issues as injunction,

16

pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property

and making any negative remarks on Plaintiffs' credit reports until a resolution of this

matter on the merits. Plaintiffs further respectfully request that this Honorable Court

grant them rescission of the Notes and Mortgages and order Defendant to disgorge all

interest payments so wrongfully obtained from Plaintiffs in connection with their

improper Notes and Mortgages. Plaintiffs further request that this Honorable Court

reforms the Notes and Mortgages between the parties to reflect a fair and equitable

bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further

requests that this Honorable Court orders Defendant to pay all costs and attorney fees so

wrongfully incurred in having to bring this lawsuit.

## COUNT X
## REFORMATION OF NOTES AND MORTGAGES

89. Plaintiffs incorporate all previous allegations by reference as if fully restated
herein.

90. The actions of Defendant, as more fully discussed above, are unconscionable.

91. In the alternative, the agreements between these parties were entered into by
Plaintiffs because of fraud by Defendant.

92. In addition, there was no mutuality of assent to the terms and conditions of the
Notes and Mortgages.

93. As such, the agreements between these parties are subject to judicial reformation.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enters a

judgment against the above-named Defendant in the amount over twenty five thousand

($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained.

Plaintiffs further respectfully request that this Honorable Court issues as injunction,

17

LII.82/23/09.10:28:48.24244

pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property

and making any negative remarks on Plaintiffs' credit reports until a resolution of this

matter on the merits. Plaintiffs further respectfully request that this Honorable Court

grant them rescission of the Notes and Mortgages and order Defendant to disgorge all

interest payments so wrongfully obtained from Plaintiffs in connection with their

improper Notes and Mortgages. Plaintiffs further request that this Honorable Court

reforms the Notes and Mortgages between the parties to reflect a fair and equitable

bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further

requests that this Honorable Court orders Defendant to pay all costs and attorney fees so

wrongfully incurred in having to bring this lawsuit.

### COUNT XI
### VIOLATION OF MORTGAGE BROKERS, LENDERS, AND SERVICERS LICENSING ACT, MCL § 445.1651, ET SEQ

94. Plaintiffs incorporate all previous allegations by reference as if fully restated

herein.

95. MCL § 445.1672 provides:

> It is a violation of this act for a licensee or registrant to do any of the following:
> (a) Fail to conduct the business in accordance with law, this act, or a rule promulgated or order issued under this act.
> (b) Engage in fraud, deceit, or material misrepresentation in connection with any transaction governed by this act.

96. By their acts as more fully set forth in the Complaint, Defendant has violated

these sections of the Mortgage Brokers, Lenders, and Servicers Licensing Act.

97. As a result of these violations by Defendant, Plaintiffs have been damaged.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enters a

judgment against the above-named Defendant in the amount over twenty five thousand

18

($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issues as injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court *reforms the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation.* Plaintiffs further requests that this Honorable Court orders Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

### COUNT XII
### USURY/VIOLATION OF USURY ACT – MCL § 438.31 ET SEQ

98. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

99. Defendant, having locked Plaintiff into a loan for collateral that could not be sold to redeem the value of money borrowed, and which Defendant bore no risk of loss, has committed usury against Plaintiffs.

100. As a result, Plaintiffs have suffered damages.

101. Plaintiffs hereby plead all attorney fees and costs as an element of damages.

19

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enters a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issues as injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reforms the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further requests that this Honorable Court orders Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

**COUNT XIII**
**TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION**

102.    Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

103.    Defendant has violated or intends to violate the express provisions of the Note and Mortgage entered into by the parties.

104.    Defendant also has violated or intends to violate the requirements of the Truth in Lending Act, Mortgage Brokers, Lenders and Servicers Licensing Act and other federal and state laws.

20

105.     In addition, as more fully described above, Defendant has refused or has

been unable to provide an accurate accounting or any proof of default under the

Note or Mortgage, although Plaintiff has requested such proof repeatedly.

106.     Unless Defendant is enjoined from engaging in conduct violative of the

agreements, and from improperly foreclosing upon the Mortgage and evicting

Plaintiffs, Plaintiffs have been and will continue to be irreparably harmed by

(among other things): (a)          The loss of Plaintiff's ownership interest in the

Property; (b) The loss of Plaintiff's equity in the Property; (c) Damage to the

marketability of the Property; (d) damage to Plaintiff's reputation in the

community; and (e) the loss of all of Plaintiff's liquid assets without recourse.

107.     In view of these (and other) considerations, Plaintiff has no adequate

remedy at law.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

A.     Enter immediately a Temporary Restraining Order restraining and

enjoining Defendant and all persons acting in concert with it (including, but not limited to

any officer, employee, agent, attorney or other representatives of Defendant) from

directly or indirectly evicting Plaintiffs from the Property at issue and making any

negative comments on Plaintiffs' credit report;

B.     Continue the Temporary Restraining Order in full force and effect through

and including a hearing before this Court on Plaintiffs' request for the entry of a

Preliminary Injunction, and set such a hearing at a date convenient for the Court;

LII.02/23/09.18:29:48.24248

     C.     Following the hearing on the request for a preliminary injunction, convert

the Temporary Restraining Order into a Preliminary Injunction, to remain in effect until

the merits of the parties' dispute are resolved by a Court of competent jurisdiction;

     D.     Grant Plaintiffs such other and further relief as the Court deems to be just

and equitable under the circumstances.

 

Respectfully Submitted,

     *LANDIS & DAY, PLC*

     Kassem M. Dakhlallah (P70842)
     Attorneys for Plaintiffs
     *6528 Schaefer Rd.*
     Dearborn, MI 48126
     (313) 584-1404

Dated: February 18, 2009



LII.02/23/99.13:28:48.24258

# TRUTH-IN-LENDING DISCLOSURE (REAL ESTATE)

Words, numbers or phrases preceded by a ☐ are applicable only if the ☒ is marked.

☐ Preliminary    ☒☒ Final

**LENDER (Creditor)**
MICHIGAN FIDELITY ACCEPTANCE CORP
dba FRANKLIN MORTGAGE FUNDING
25800 NORTHWESTERN HWY STE 875
SOUTHFIELD, MI  48075

Borrower(s) Name(s):
NANCY L. BROWN and EDWARD R. BROWN

Date: 10/25/04

Address: 3675 BROOKDALE LN.
WATERFORD, MI 48328

Loan No.: 9101132316

Property Address:
3675 BROOKDALE LN.
WATERFORD, MI  48328

Loan Type: CONV

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 8.013 % | $ 250,228.08 | $ 148,137.36 | $ 398,365.44 |

| | NO. OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE | |
|---|---|---|---|---|
| YOUR PAYMENT SCHEDULE WILL BE: | 24 | 935.78 | monthly, beginning | 12/01/2004 |
| | 336 | 1,118.77 | monthly, beginning | 12/01/2006 |

**VARIABLE RATE:**
☒☒ This transaction is subject to a variable rate feature. Variable Rate disclosures have been provided at an earlier time.

**PAYABLE ON DEMAND:**
☐ This obligation is payable on demand.
☐ The disclosures are based on an assumed maturity of one year.

**SECURITY:**
You are giving a security interest in real property and any of the following items which are checked:
☒☒ the goods or property being purchased.    ☐ funds or other assets on deposit with the lender from time to time.
☒☒ other (specify below)    ☐ collateral securing other loans with us may also secure this loan.
        3675 BROOKDALE LN.

**LATE CHARGE:**    WATERFORD, MI 48328
If you are more than    Fifteen days late in making any payment, you will pay a late charge of:    5.00    % of
the overdue payment.

**INSURANCE:**
You may obtain property insurance from anyone acceptable to the Lender.

**FILING/RECORDING FEE:**
☒☒ $    65.00

**PREPAYMENT:**
If you payoff early, you
☒☒ may    ☐ will not    have to pay a penalty.
☐ may    ☒☒ will not    be entitled to a refund of part of the finance charge.

**ASSUMPTION:**
Someone buying your dwelling.
☒☒ cannot assume the remainder of the mortgage on the original terms.
☐ may, subject to conditions, be allowed to assume the remainder of the mortgage on the original terms.

**REQUIRED DEPOSIT:**
☐ A deposit balance is required. The Annual Percentage Rate does not take into account your required deposit.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date,
prepayment refunds and penalties and creditor's policy regarding assumption of the obligation.

☐ Please refer to the "Good Faith Estimate" for an itemization of Amount Financed.    "e" means estimate.
☒☒ Please refer to the Itemization of Amount Financed Statement.

| Date NANCY L. BROWN | Borrower | Date EDWARD R. BROWN | Borrower |
|---|---|---|---|
| Date | Borrower | Date | Borrower |

8/02



LI1.02/23/09.10:20:40.24252



**Litton** Loan Servicing®
SEND PAYMENTS TO:
P.O. Box 4387
Houston, TX 77210-4387
www.littonloan.com

43809-214907-043
NANCY BROWN
EDWARD BROWN
3675 BROOKDALE LN
WATERFORD MI  48328-3517

| ▌▌ BILLING STATEMENT ▐ |  |
|---|---|
| STATEMENT DATE | 12/15/2008 |
| LOAN NUMBER | 0040777005 |
| **CONTRACTUAL DUE DATE** | **09/01/2008** |

PROPERTY ADDRESS:   3675 Brookdale Lane
                                       Waterford MI 48328

| PRINCIPAL AND INTEREST | 1,317.52 |
|---|---|
| ESCROW AMOUNT | 295.25 |
| ADDITIONAL AMOUNT REQUIRED | 0.00 |
| MISCELLANEOUS | |
| **TOTAL MONTHLY PAYMENT** | **1,612.77** |
| LATE CHARGES DUE | 0.00 |
| OTHER FEES DUE | 460.50 |

| ▌▌ PAYMENT OPTIONS ▐ |  |
|---|---|
| **Pay Online** 🖥 | **Pay By Mail** |
| www.littonloan.com | P.O. Box 4387 |
| Go to "Make a Payment" | Houston, TX 77210-4387 |
| **Pay By Phone** ☎ | **Western Union** |
| (800) 999-8501 | Code City:  Litton |
| Press Option 3 | Code State:  Texas |

| ▌▌ LOAN INFORMATION ▐ |  |
|---|---|
| *PRINCIPAL BALANCE | 147,983.92 |
| ESCROW BALANCE | -1,884.65 |
| SUSPENSE BALANCE | 0.00 |
| CURRENT INTEREST RATE | 9.8750 |

* This is not a payoff balance.

Refer to back of statement for additional information.

This is an attempt to collect your debt and any information obtained will be used for that purpose.

| ▌▌ TRANSACTIONS SINCE LAST STATEMENT ▐ |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| TRANSACTION DATE | TRANSACTION DESCRIPTION | TRANSACTION AMOUNT | PRINCIPAL | INTEREST | ESCROW | SUSPENSE / FEE OTHER |

We are unable to display any transactions that may have occurred since the last
statement date at this time.  Please visit our website, www.littonloan.com where
12 months of history can be viewed.  If there are questions regarding the
history please use our Contact Us page on the website for your convenience.

| ▌▌ IMPORTANT MESSAGES ▐ |
|---|

The 2008 IRS Tax and Interest information will be available
at www.littonloan.com after January 5, 2009, and will be mailed no later than January 31, 2009.



LTI.02/23/09.18:20:48.24254

1500

THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY. MORTGAGE SALE - Default has been made in the conditions of a mortgage made by Nancy L. Brown and Edward R. Brown, wife and husband, to Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns, Mortgagee, dated October 25, 2004 and recorded December 2, 2004 in Liber 34522, Page 375, Oakland County Records, Michigan. Said mortgage is now held by The Bank of New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank, N.A., as trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-1 by assignment. There is claimed to be due at the date hereof the sum of One Hundred Fifty-Two Thousand Four Hundred Sixty and 37/100 Dollars ($152,460.37) including interest at 10% per annum. Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public vendue at the 1st floor Main entrance to the Court House in Pontiac-in-Oakland-County, Michigan at 10:00 a.m. on MARCH 3, 2009. Said premises are located in the Township of Waterford, Oakland County, Michigan, and are described as: Lot 89 of Lincoln Heights Subdivision, according to the recorded plat thereof as recorded in Plat Liber 28, Page 52, Oakland County Records, Township of Waterford. The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCLA 600.3241a, in which case the redemption period shall be 30 days from the date of such sale. TO ALL PURCHASERS: The foreclosing mortgagee can rescind the sale. In that event, your damages, if any, are limited solely to the return of the bid amount tendered at sale, plus interest. Dated: February 3, 2009 Orlans Associates, P.C. Attorneys for Servicer P.O. Box 5041 Troy, MI 48007-5041 File No. 213.2483 ASAP# 2986152 02/03/2009, 02/10/2009, 02/17/2009, 02/24/2009

⟹ 3/3/09